```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

Glenn Roy Cassis,

                Plaintiff,

vs.                                 Case No. 2:06-cv-330-FtM-29DNF

Lt. Stevenson; Ms. Austin; Florida
Parole Commission,

                Defendants.
_____

## ORDER

This matter comes before the Court upon initial review of the file. Plaintiff, an inmate of the Florida penal system, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an affidavit of indigency (Doc. #2) on July 3, 2006. Plaintiff alleges a violation of his due process rights and cruel and unusual punishment. See Complaint p. 8. Plaintiff names defendants from Taylor Correctional Institute and Moore Haven Correctional Institute. Id. at 6-7.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915, by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g), known as the "Three Strikes Rule," only permits a prisoner to file "three meritless suits at the reduced rate." <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002.)  The Court takes judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 2:2006-cv-154, filed in the U.S. District Court for the Middle District of Florida; (2) 1:03-cv-20820, filed in the U.S. District Court for the Southern District of Florida; (3) 1:04-cv-21069, filed in the U.S. District Court for the Southern District of Florida;(4) 4:94-cv-40342, filed in the U.S. District Court for the Northern District of Florida.

Because Plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his application to proceed *in forma pauperis* will be **denied** and this action will be dismissed without prejudice.  If Plaintiff wishes to pursue this action, Plaintiff must initiate a new civil rights action by filing a new civil rights complaint form and pay the full $350 filing fee at the time he initiates the new suit. <u>Simmons v. Zloch</u>, 148 Fed. Appx. 921 (11th Cir. 2005.)

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Motion to proceed *in forma pauperis* (Doc. #2) is **DENIED.**

    2.    This case is hereby **DISMISSED** without prejudice.

    3.    The **Clerk of Court** shall: (1) enter judgement dismissing this case without prejudice; (2) terminate any pending motions; and (3) close this file.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __11th__ day of July, 2006.

                                                                   JOHN E. STEELE
                                                                  United States District Judge

SA: alj
Copies: All Parties of Record